```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PARK PLUS, INC.,                                            :
                                                            :
                                Plaintiff,                  :           13 Civ. 6917 (KPF)
                v.                                          :
                                                            :           OPINION AND ORDER
ARDEON REALTY CORP.,                                        :
                                                            :
                                Defendant.                  :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/28/2014

KATHERINE POLK FAILLA, District Judge:

By letter dated January 27, 2014, Plaintiff applies for relief to the Court regarding its failure to effect service on Defendant within the 120 days prescribed for that purpose by Federal Rule of Civil Procedure 4(m). Rule 4(m) reads:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As the Complaint in this action was filed on September 27, 2013 (Dkt. #1), the 4(m) period for service expired on January 25, 2014. Plaintiff's application here came two days after the four months provided by the Rules had elapsed. Plaintiff submits that the good-cause exception should apply here because it has been pursuing settlement discussions with Defendant and, now

that those discussions have almost reached an amicable resolution to the dispute, extension of the time period for service is appropriate. Oddly, though Plaintiff points talismanically to the existence of a draft settlement agreement as justification for its application for relief, on its own submission that draft agreement was circulated "[e]arlier this month"; no explanation is offered for the weeks of delay before making this application. (Dkt. #10).

Plaintiff has provided no authority in support of its application for relief, relying instead on the conclusory assertion that the progress of its settlement negotiations satisfies the requirements of Rule 4(m). The Court, however, is not free to accept Plaintiff's *ipse dixit* without reference to the immense body of precedent on the proper application of the Rules.

"Settlement negotiations can, in the proper circumstances, satisfy Rule 4(m)'s 'good cause' requirement." *Bank of Cape Verde* v. *Bronson*, 167 F.R.D. 370, 371 (S.D.N.Y. 1996); *see also, e.g.*, *Heiser* v. *Association of Apartment Owners of Polo Beach Club,* 848 F. Supp. 1482, 1488 (D. Haw. 1993) (finding good cause based on "ongoing settlement negotiations"); *Assad* v. *Liberty Chevrolet, Inc.,* 124 F.R.D. 31, 31 (D.R.I. 1989) (magistrate judge finding that "good faith settlement negotiations with co-defendant … constituted good cause"); *but see, e.g.*, *Witasick* v. *Estes*, Civ. A. 11-3895-NLH, 2012 WL 3075988, at *4 (D.N.J. July 30, 2012) ; *cf. Car-Freshner Co.* v. *Air Freshners, Inc.*, No. 7:10-CV-1491 (GTS) (DEP), 2012 WL 3294948, at *5 n.8 (N.D.N.Y. Aug. 10, 2012) (collecting cases holding, analogously, that settlement negotiations do not provide good cause for failure to make timely response to a

2

complaint).  Significantly, however, courts frequently conclude that extensions of the time for service on the basis of settlement negotiations require that the plaintiff seek "an extension of the time for service before expiration of the time period."  *Bronson*, 167 F.R.D. at 372; *see Scarola Ellis LLP* v. *Skyworks Venutres, Inc.*, No. 09 Civ. 10003 (DLC), 2010 WL 3452381, at *3 (S.D.N.Y. Sept. 1, 2010); *see also Bronson*, 167 F.R.D. at 371 n.1 (collecting cases). Indeed this conclusion comports with the general rule regarding good cause for failure to effect timely service: "'Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'"  *Vaher* v. *Town of Orangetown*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (quoting *Beauvoir* v. *U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)).

      The Court concludes that ongoing settlement negotiations do not constitute good cause for failure to effect service in the absence of an application for an extension of time to do so before the expiration of the Rule 4(m) period.  Nonetheless, Rule 4(m) permits a district court to enlarge the time for service "'even if there is no good cause shown.'"  *Henderson* v. *United States*, 517 U.S. 654, 658 (1996) (quoting Advisory Committee's Notes on 1993 Amendments to Fed. R. Civ. P. 4).  The difference between a good cause finding and a discretionary ruling is not mere formalism; Rule 4(m) mandates that the Court extend the time for service on a showing of good cause, while a failure to show cause allows the Court to do so at its discretion.  *See Zapata* v. *City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).  Indeed, though the Second

Circuit has decided that determinations of this nature are "question[s] best left to the district court," at least the Third and Seventh Circuits require district courts to analyze requests for extension of time to effect service in exactly this way, by first considering whether good cause was shown and, if not, then making a discretionary finding of whether time should nonetheless be extended. *Id.* (citing *Panaras* v. *Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996); *Petrucelli* v. *Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)).

Courts in this Circuit generally base discretionary extensions of time to effect service on an assessment of four factors: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *Vaher*, 916 F. Supp. 2d at 420 (quoting *DeLuca* v. *AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)) (alterations omitted).

For the first factor: the statute of limitations for breach of contract claims in New York is six years. *Lehman XS Trust, Series 2006-4N ex rel. U.S. Bank Nat. Ass'n* v. *Greenpoint Mortgage Funding, Inc.*, No. 13 Civ. 4707 (SAS), 2014 WL 108523, at *2 (S.D.N.Y. Jan. 10, 2014) (citing N.Y. C.P.L.R. 214(3) (McKinney 2013)).[1]  The Complaint was filed on September 27, 2013, thus

---

[1] Given that Plaintiff's letter failed to address this point, the Court will assume that New York law applies. Defendant is a New York corporation and the acts complained of transpired at its place of business in New York. (Compl. ¶ 6).

permissibly encompassing harms beginning on September 27, 2007. Plaintiff complains of breach of contract dating back to October 1, 2007. (Compl. ¶ 21). Thus, were the Court to dismiss this action for failure to effect service, the statute of limitations would bar Plaintiff from recovering at least some portion of the damages it claims; for instance, were Plaintiff to refile on February 1, 2014, its could only permissibly complain of injuries going back to February 1, 2008, thus necessarily abandoning four months of the period identified in the current Complaint.

For the second factor: Plaintiff represents now, and has represented in the past, that Defendant has been apprised of the content of this action for some time. (Dkt. #10). Though the Court is loath to rely on Plaintiff's claim without further substantiation, it will accept Plaintiff's counsel's sworn declaration of December 17, 2013, as sufficient evidence that Defendant has actual, albeit not formal, notice of the claims against it. (Dkt. #7 ¶ 4). Should Defendant prove later not to have had notice of this action, however, the Court will consider a range of consequences, including the possibility of sanctions.

The third factor is not relevant here as Defendant is not yet in communication with the Court.

For the fourth factor: a limited extension of time to serve will pose little or no prejudice to Defendant, especially given the Court's understanding that Defendant has actual notice of Plaintiff's claims. *See Zapata*, 503 F.3d at 198-99. Nor is the delay here at all substantial or prolonged; indeed, though Plaintiff could have saved itself and the Court much trouble by seeking this

5

extension one week earlier, this application was nonetheless made promptly after the 4(m) period expired.  *Cf. Vaher*, 916 F. Supp. 2d at 421 (finding prejudice when "the delay ... was unusually lengthy and unreasonably prolonged").  And though some portion of Plaintiff's claims would be barred by the statute of limitations were the Court to dismiss this action and compel refiling, Defendant would nonetheless still face an action complaining of almost the entire period implicated in the Complaint here.

Thus three of the four factors weigh in favor of discretion and the fourth has no bearing.  Accordingly the Court will GRANT IN PART Plaintiff's application for an extension of time to effect service.  The 60 days Plaintiff seeks is simply too long on this record.  Plaintiff is hereby ORDERED to serve the Summons and Complaint in this action on Defendant by **February 28, 2014**, or otherwise to inform the Court that the parties have reached and executed a final settlement agreement.  The conference set for February 13, 2014, is hereby ADJOURNED to **March 11, 2014, at 2:30 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

SO ORDERED.

Dated:     January 28, 2014
           New York, New York

_____
   KATHERINE POLK FAILLA
   United States District Judge

extension one week earlier, this application was nonetheless made promptly after the 4(m) period expired.  *Cf. Vaher*, 916 F. Supp. 2d at 421 (finding prejudice when "the delay ... was unusually lengthy and unreasonably prolonged").  And though some portion of Plaintiff's claims would be barred by the statute of limitations were the Court to dismiss this action and compel refiling, Defendant would nonetheless still face an action complaining of almost the entire period implicated in the Complaint here.

Thus three of the four factors weigh in favor of discretion and the fourth has no bearing.  Accordingly the Court will GRANT IN PART Plaintiff's application for an extension of time to effect service.  The 60 days Plaintiff seeks is simply too long on this record.  Plaintiff is hereby ORDERED to serve the Summons and Complaint in this action on Defendant by **February 28, 2014**, or otherwise to inform the Court that the parties have reached and executed a final settlement agreement.  The conference set for February 13, 2014, is hereby ADJOURNED to **March 11, 2014, at 2:30 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

SO ORDERED.

Dated:     January 28, 2014
           New York, New York

_____
   KATHERINE POLK FAILLA
   United States District Judge